IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Crim. Case No. 11-cr-00445-RBJ-1
Civil Case No. 13-cv-2890-RBJ

UNITED STATES,

Plaintiff/Respondent.

v.

STYLIOS ALTON TRACHANAS,

Defendant/Movant.

---

ORDER

---

This matter comes before the Court on a motion to reconsider pursuant to 28 U.S.C. § 2255 [ECF No. 160].[1] For the following reasons, the motion is denied.

**BACKGROUND**

On March 23, 2012 Mr. Trachanas pled guilty to three federal crimes. [ECF Nos. 35 & 36]. The Court sentenced him to 110 months in prison as to each count, to run concurrently. [ECF No. 60]. On October 30, 2013 Mr. Trachanas filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In the motion, Mr. Trachanas contended that he had suffered from ineffective assistance of counsel during the plea bargaining process, the pre-trial process, the sentencing process, and the direct appeal process, in violation of the Fifth and Sixth Amendments. *Id.* at 4–6.

---

[1] All citations to electronic filings refer to the criminal case, Case No. 11-cr-00445-RBJ-1. In the caption I also list 13-cv-2890-RBJ. That is a civil case that the Clerk's Office opened for administrative purposes when Mr. Trachanas'§ 2255 motion was filed and into which a few related pleadings were inadvertently placed.

The Court set a hearing on the motion on April 23, 2014. [ECF No. 118]. On March 25, 2014 Mr. Trachanas moved for the appointment of counsel [ECF No. 121], which this Court granted [ECF No. 129]. CJA attorney Robert Berger was appointed on April 3, 2014, and he filed an entry of appearance a few days later. [ECF Nos. 129 & 130]. On behalf of Mr. Trachanas, Mr. Berger immediately moved to continue the hearing in order to give himself an adequate opportunity to prepare. [ECF No. 131]. The Court granted the motion to continue, and the hearing was rescheduled for July 22, 2014. [ECF Nos. 133 & 134].

On July 1, 2014 the Court received an ex parte letter from Mr. Trachanas indicating that a "conflict ha[d] arisen" between him and Mr. Berger. [ECF No. 140]. Mr. Trachanas was frustrated with the legal strategy that Mr. Berger wished to pursue and requested "that new counsel be appointed, or in the alternative that [he] be allowed to proceed with a hybrid form of representation, or lastly, to proceed pro se with advisory counsel to assist in the preparation of witness lists, subpoenas, document preparation, copies, etc." *Id.* In a minute order issued on July 8, 2014 the Court advised Mr. Trachanas that he could discharge Mr. Berger and represent himself if he wished, but that "in the context and history of this case and the defendant's disagreement with the manner in which a succession of lawyers have represented him, the Court declines to appoint another lawyer to represent him in this matter." [ECF No. 141].

On the same day, after receiving the minute order and discussing the situation with Mr. Trachanas, Mr. Berger filed a motion to withdraw, indicating that Mr. Trachanas had "decided that he wanted to, again, represent himself and he authorized counsel to file this motion to withdraw." [ECF No. 142]. The Court granted the motion to withdraw on July 10, 2014. [ECF No. 143]. Mr. Trachanas then sought "clarification" as to whether the Court would permit him to proceed pro se with co-counsel or advisory counsel. [ECF No. 146]. The Court again

indicated that it would not appoint another lawyer to represent Mr. Trachanas at government expense, whether the representation would be direct or advisory. [ECF No. 155].

Mr. Berger was the fifth lawyer to represent Mr. Trachanas in his case. The first, Douglas Richards, represented Mr. Trachanas through his motion to suppress and his eventual plea bargain. Mr. Trachanas then hired James Kennedy and Kent Schaffer, partners in the same law firm, to represent him (in addition to Mr. Richards) at sentencing. At some point after being sentenced Mr. Trachanas filed a motion for leave to appeal in forma pauperis, which the Court granted. The Court appointed CJA attorney Robert Fishman to represent Mr. Trachanas during his appeal. Because Mr. Trachanas had chosen to appeal solely on the grounds of ineffective assistance of counsel' Mr. Fishman apparently advised him that the issue was more appropriately raised in a collateral proceeding. Mr. Trachanas then voluntarily dismissed his direct appeal. It is unclear what caused the relationship between Mr. Trachanas and Mr. Fishman to sour, but by the time of his motion to vacate, Mr. Trachanas was representing himself.

Between the withdrawal of Mr. Berger on July 10, 2014 and the hearing on July 22, 2014 Mr. Trachanas filed three motions, a response to a government motion, a status report, a witness list, and an ex parte letter with the court. [ECF Nos. 145–149, 153–154]. Meanwhile, he filed no applications for the issuance of subpoenas. It is worth noting that Mr. Trachanas had previously filed such applications with the Court while representing himself. *See* [ECF Nos. 100 & 123]. Because no subpoena requests had been filed, none of Mr. Trachanas' witnesses had been subpoenaed to appear at his hearing, and none of them was otherwise present.

At the hearing, Mr. Trachanas explained that he had filed a preliminary witness list, and that in his status report he had asked the Court to order the government to subpoena those witnesses. Transcript of July 22, 2014 Hearing [ECF No. 163] at 28:6, 9–12. I explained that it

was his obligation to subpoena the witnesses he wished to call, not the responsibility of the government. *Id.* at 28:13–14. I added that I would have approved some of the subpoena requests, especially the one for Mr. Richards, the initial attorney who is the primary (but not only) focus of the motion. *Id.* at 28:14–16. Mr. Trachanas then asked for a continuance of his hearing so that he could subpoena his witnesses, *id.* at 29:4–5, a request that the Court denied.

In denying the request, I noted that I did not find it reasonable to prepare for and convene for a hearing that had been scheduled for months only to have Mr. Trachanas ask for more time to subpoena witnesses. *Id.* at 54:13–20. Mr. Trachanas had ample time to file numerous other motions and documents between the time he discharged his attorney and the date of the hearing. No good reason was given why he was unable to subpoena witnesses. The only explanation given was that the Court had previously denied other subpoena requests. *Id.* at 12:17–18. First, those requests had been for documents—personnel records to be exact—not for the appearance of witnesses. *See* [ECF Nos. 100 & 123]. Second, Mr. Trachanas has never been shy about seeking explanation or reconsideration of this Court's rulings. *See, e.g.*, [ECF Nos. 120, 145, & 146]. Finally, Mr. Trachanas did ask the Court to order the government to subpoena the witnesses but, for whatever reason, he chose not to file the subpoena request himself.

After hearing argument from both Mr. Trachanas and the government's attorney, I made findings of fact and issued a ruling. I concluded that under the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984), there were no grounds to find that Mr. Richards had been ineffective. As such, Mr. Trachanas' motion to vacate pursuant to 28 U.S.C. § 2255 was denied.

## PRESENT MOTION

On August 1, 2014 Mr. Trachanas filed the present motion to reconsider the denial of his motion to vacate. Mr. Trachanas alleges that the Court made three errors, each of which demands a new hearing. The Court will discuss each claim in turn.

*1. Right to a* Faretta *Hearing*

First, Mr. Trachanas alleges that the Court erred when it failed to conduct a *Faretta* hearing before permitting him to discharge Mr. Berger and represent himself. [ECF No. 160 at 1]. However, because Mr. Trachanas' right to counsel was not based in the constitution, there was no obligation to conduct a *Faretta* hearing.

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court held that the Sixth Amendment "constitutionalizes the right *in an adversary criminal trial* to make a defense as we know it." 422 U.S. at 818 (emphasis added). The right to a defense, while including the rights to counsel, also "grants to the accused personally the right to make his defense." *Id.* at 819. However, because self-representation necessarily relinquishes the "traditional benefits associated with the right to counsel," a criminal defendant who wishes to represent himself must "'knowingly and intelligently' forgo those relinquished benefits." *Id.* at 835. Based on this formulation, Mr. Trachanas claims that the Court was required to conduct a hearing to ensure that his choice to proceed pro se *in his § 2255 motion* was made knowingly and intelligently. However, a *Faretta* hearing protects a criminal defendant from inadvertently relinquishing his Sixth Amendment right to present an adequate defense. This constitutional right does not extend to § 2255 motions. *See, e.g.*, *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).

There is a limited right to counsel in a § 2255 proceeding. *See id.*; *see also Johnson v. Avery*, 393 U.S. 483, 487 (1969) (noting that typically counsel is appointed in post-conviction proceedings "only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing"). This right to counsel is not a constitutional right, nor is it purely a statutory right. Instead, it is a non-

constitutional procedural right created by the Rules Governing Section 2255 Proceedings for the United States District Courts.[2] *Cf. McGriff v. Dep't of Corr.*, 338 F.3d 1231, 1234 (11th Cir. 2003) (discussing the same with regard to habeas petitions under 42 U.S.C. § 2254, the state analog to § 2255). In particular, Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."[3] In this case, the Court did just that: after ordering the evidentiary hearing, the Court appointed counsel to represent the movant. Mr. Trachanas disagreed with his attorney's strategy for the hearing and chose to discharge him. He now alleges that the Court erred by failing to determine that the waiver was knowingly and intelligently made. However, Mr. Trachanas had no constitutional right to counsel for purposes of this hearing. As such, his choice to discharge Mr. Berger need not be accompanied by a *Faretta* hearing, which protects a criminal defendant from inadvertently relinquishing his Sixth Amendment rights.

I add here that there comes a point where a defendant's desire for yet another lawyer is inconsistent with the fair and efficient administration of justice to both parties. Mr. Trachanas has had five lawyers, the last two at government expense, and he was not satisfied with any of them. After the Court informed him that the Court had reached the end of its line and would not grant a request for the appointment of another lawyer or "hybrid" or "advisory" counsel at government expense, he met with his lawyer, obviously had an opportunity to get advice concerning the risks of representing himself, and nevertheless informed his lawyer that he

---

[2] The Rules Governing Section 2255 Proceedings were adopted by the United States Supreme Court pursuant to the Rules Enabling Act, 28 U.S.C. § 2072. Congress ratified the Rules with minor amendments on September 28, 1976. *See* Pub.L. No. 94–426 § 2(5), 90 Stat. 1334 (1976).

[3] The Rules Governing Section 2255 Proceedings can be found here: http://www.uscourts.gov/uscourts/rules/2254-2255.pdf.

wished to represent himself. One can agree or disagree with this Court's decision not to appoint another CJA lawyer, but once that decision was made, a *Faretta* hearing would make no sense.

*2. Right to a Continuance*

Next, Mr. Trachanas alleges that the Court erred when it denied his request for a continuance. He claims that the Court made findings of fact without a full and fair hearing after determining that a hearing was necessary. Mr. Trachanas cites *United States v. Dowlin*, 408 F.3d 647 (10th Cir. 2005), for the appropriate standard in determining whether a district court unreasonably denied a continuance. Notably, *Dowlin* is concerned with the right to a continuance of trial. *See* 408 F.3d at 663. However, even assuming that the standard listed in *Dowlin* would apply in this case, the Court did not act arbitrarily or unreasonably in denying the request for a continuance. In determining reasonableness, the Tenth Circuit examines

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

*Id.* (quoting *United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993)) (alterations omitted). I addressed each of these factors before making my ruling. As an abbreviated overview, Mr. Trachanas was not diligent when he failed to file subpoena requests with the Court, requests which Mr. Trachanas knew were necessary to secure the attendance of his witnesses at the hearing. The Court also discussed the inconvenience both to it and to the government in having to prepare for and attend a hearing where Mr. Trachanas had not prepared for the presentation of his evidence. Lastly, the Court discussed the merits of the motion itself, and likewise questioned Mr. Trachanas regarding the testimony he sought to elicit and noted the

ways in which that testimony would not support his motion to vacate but would have instead supported a direct appeal.

### *3. Standard of Proof*

Finally, Mr. Trachanas contends that the Court relied on the wrong standard of proof for ineffective assistance of counsel claims "when it faulted Mr. Trachanas for not having a criminal defense expert to testify as to former counsel's competency." [ECF No. 160 at 5]. According to Mr. Trachanas, a criminal defense expert need not testify in an ineffective assistance of counsel case when the criminal defendant seeks to challenge his conviction on constitutional grounds. *Id.* Instead, he contends, the proper standard is reasonableness under prevailing professional norms pursuant to *Strickland* and the American Bar Association's Model Rules. *Id.* Notably, Mr. Trachanas does not explain what other type of *proof* would be appropriate for establishing that his attorney acted unreasonably under prevailing professional norms.

During the hearing, Mr. Trachanas argued that Mr. Richards was ineffective by failing to "completely investigate relevant law." Tr. 7:25. In response, I explained that "the typical thing that would be done would be that you would present testimony of an expert, typically a lawyer, who would say, this is what the standard of care is for a criminal defense lawyer in the circumstances and he fell below the standard of care. But you don't have such a witness." Tr. 8:1–6. Mr. Trachanas could have presented whatever standard of care evidence he chose, but he presented none. The Court was not so much faulting him for failing to have an expert as it was attempting to explain how most individuals in Mr. Trachanas' position go about proving their ineffective assistance of counsel claims.

## ORDER

For the foregoing reasons, the motion for reconsideration of the denial of Mr. Trachanas' § 2255 motion to vacate [ECF No. 160] is DENIED.

DATED this 29th day of September, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge